Todd M. Friedman (SBN 216752)
Suren N. Weerasuriya (SBN 278521)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
*Attorneys for Plaintiff*

**Additional Attorneys On Signature Page**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW HANSON and TANYA MCIVER, individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION** |
| Plaintiff, | |
| | **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:** |
| vs. | |
| | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| CLAIM ASSISTANCE GROUP, LLC, | |
| Defendant. | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| | **DEMAND FOR JURY TRIAL** |

Plaintiffs Matthew Hanson and Tanya McIver (collectively referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

### NATURE OF THE CASE

1.      Plaintiffs brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the

illegal actions Claim Assistance Group, LLC (hereinafter "Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiffs, residents of California, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in the state of Florida.  Plaintiffs also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within the counties of Riverside and Alameda.

## PARTIES

4.     Plaintiff, Matthew Hanson ("Plaintiff Hanson"), is a natural person residing in Beaumont, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5.     Plaintiff, Tanya McIver ("Plaintiff McIver"), is a natural person residing in Heyward, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

7.     Defendant, Claim Assistance Group, LLC, is a nationwide service dedicated to helping disabled individuals receive certain benefits and is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS

7.     Beginning in or around September of 2014, Defendant contacted Plaintiff Hanson on his cellular telephone number ending in 6163, in an attempt to solicit its or its

agent's services upon Plaintiff Hanson.

8.    Furthermore, Defendant contacted Plaintiff McIver on her cellular telephone number ending in 7113, in an attempt to solicit its or its agent's services upon Plaintiff McIver.

9.    Defendant contacted or attempted to contact Plaintiffs from telephone number (813)444-5626.

10.    Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiffs seeking to solicit votes for the aforementioned politician.

11.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

13.    Plaintiffs are not customers of Defendant's services and have never provided any personal information, including their cellular telephone numbers, to Defendants for any purpose whatsoever.  Accordingly, Defendant never received Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

14.    Plaintiffs bring this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

15.    Plaintiffs represents, and is a member of, The Class, consisting of All persons within the United States who received any collection telephone calls from Defendant to said

person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

16.     Defendant, its employees and agents are excluded from The Class.  Plaintiffs do not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

17.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that The Class includes thousands of members. Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendants.

18.     Plaintiffs and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendant illegally contacted Plaintiffs and Class members via their cellular telephones thereby causing Plaintiffs and Class members to incur certain charges or reduced telephone time for which Plaintiffs and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and Class members.

19.     Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.   These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

> a.     Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone

dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.     Whether Plaintiffs and the Class members were damages thereby, and the extent of damages for such violation; and

c.     Whether Defendant should be enjoined from engaging in such conduct in the future.

20.     As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of The Class.

21.     Plaintiffs will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

22.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class  members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

23.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

24.     Defendant has acted or refused to act in respects generally applicable to The

Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

25. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

26. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

27. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

28. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

29. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

31. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

32. Plaintiffs and the Class members are also entitled to and seek injunctive relief

1  prohibiting such conduct in the future.

2  **PRAYER FOR RELIEF**

3      WHEREFORE, Plaintiff requests judgment against Defendant for the following:

4  ///

5  ///

6  ///

7  ///

8  ///

9  ///

10 ///

11 ///

12 **FIRST CAUSE OF ACTION**

13 **Negligent Violations of the Telephone Consumer Protection Act**

14 **47 U.S.C. §227 et seq.**

15 • As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*,

16 Plaintiff and the Class members are entitled to and request $500 in statutory

17 damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

18 • Any and all other relief that the Court deems just and proper.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 **SECOND CAUSE OF ACTION**

26 **Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

27 **47 U.S.C. §227 et seq.**

28 • As a result of Defendant's willful and/or knowing violations of *47 U.S.C.*

1    *§227(b)(1)*, Plaintiff and the Class members are entitled to  and request treble

2    damages, as provided by statute, up to $1,500, for each and every violation,

3    pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

4    • Any and all other relief that the Court deems just and proper.

5

6    Respectfully Submitted this 2nd Day of January, 2015.

7

8    KAZEROUNI LAW GROUP, APC
     Abbas Kazerounian, Esq. (SBN: 249203)

9    ak@kazlg.com
     245 Fisher Ave., Ste. D1

10   Costa Mesa, California 92626
     Telephone: (800) 400-6808

11   Facsimile: (800) 520-5523

12
     HYDE & SWIGART

13   Joshua B. Swigart, Esq. (SBN: 225557)
     josh@westcoastlitigation.com

14   2221 Camino Del Rio South, Suite 101

15   San Diego, CA 92108
     Telephone: (619) 233-7770

16   Facsimile: (619) 297-1022

17
                                 LAW OFFICES OF TODD M. FRIEDMAN, P.C.

18

19                    By:    /s/ Todd M. Friedman

20                           Todd M. Friedman
                             Law Offices of Todd M. Friedman

21                           Attorney for Plaintiff

22

23

24

25

26

27

28